**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEVIN W. B. | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| FRANK BISIGNANO, | : | |
| Commissioner of the Social | : | |
| Security Administration, | : | |
| Defendant | : | NO.  26-871 |

**<u>MEMORANDUM</u>**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                    July 8, 2026

Kevin W. B. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final

decision of the Commissioner of the Social Security Administration ("the Commissioner"),

denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security

Act.  Plaintiff has filed a brief in support of his request for review, the Commissioner has responded

to it, and Plaintiff has filed a reply.  For the reasons set forth below, Plaintiff's request for review

is denied.

**I.      PROCEDURAL HISTORY**[1]

Plaintiff filed his DIB claim on November 7, 2023, alleging that his disability began on

January 23, 2023; he later amended his alleged onset date of disability to February 28, 2020.  R.

17.  Plaintiff's claim was denied initially and upon reconsideration; hence, he requested a hearing

before an administrative law judge.  *Id.*  A telephonic hearing was held before administrative law

judge Margaret M. Gabell ("the ALJ"), on March 19, 2025.  *Id.*  Plaintiff, represented by an

attorney, and vocational expert Rabia Rosen ("the VE") testified at the hearing.  R. 36-65.  The

---

[1] The court has reviewed and considered the following documents in analyzing this case:  Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record.  ("R.").

ALJ, applying the sequential evaluation process ("SEP") for disability,[2] denied relief, on May 20, 2025. R. 17-28. On December 22, 2025, the Social Security Administration's Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. R. 1-3. Next, Plaintiff sought judicial review in this court. The parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.    FACTUAL BACKGROUND

A.    Personal History

Plaintiff, born on February 28, 1970, R. 36, was 55 years old on the date of the ALJ's second decision. He resides with his wife. R. 45.

B.    Plaintiff's Testimony

At the March 19, 2025 administrative hearing, Plaintiff testified about his impairments. R. 45-61. He identified left leg pain as his most serious condition; this pain radiates from his lower back down his leg. R. 46, 49. Plaintiff claimed to use a cane whenever leaving the house, since

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 404.1520(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 404.1520(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 404.1520(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 404.1520(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. § 404.1520(g).

approximately 2023.  R. 47-48.[3]  When at home, Plaintiff spends most of his time sitting in a massage chair located inside his walk-in closet.  R. 48.  He has osteoarthritis in his left hand, which causes difficulty with gripping, grasping and he drops objects.  R.55-56.  Plaintiff suffers from anxiety and depression; he is often angry and uncomfortable in crowds.  R. 52-53.  He also experiences short-term memory deficits.  R. 53-54.

Plaintiff estimated that he could walk for approximately ten to fifteen minutes, stand for fifteen to twenty minutes and lift and carry up to fifteen pounds.  R. 49-50.  He is unable to cook, because that activity requires too much standing; he has difficulty bending, so his wife helps him dress by putting socks on his feet.  R. 51.  The medication Plaintiff takes for his pain and other conditions causes drowsiness, nausea and nervousness.  R. 51.

C.      Vocational Testimony

The ALJ asked the VE to consider a person with no past relevant work, able to perform light[4] work, with additional limitations:  capable of frequent postural activities; unable to climb ladders, ropes, or scaffolds; occasionally able to climb ramps and stairs; unable to use foot controls; frequently able to reach, handle, and finger; capable of occasional overhead reaching and lifting; able to perform simple, routine tasks and make simple decisions; able to tolerate occasional changes in the workplace; and frequently able to interact with supervisors, coworkers and the public. R. 62. The VE opined that this individual could perform three unskilled[5] jobs:  (1) garment sorter, 50,000 positions in the national economy; (2) linen grader, 55,000 positions in the national economy; and (3) basket filler, 50,500 positions in the national economy.  R. 62-63.  The VE

---

[3] Plaintiff conceded that he was not certain when he started using a cane.  R. 47.  Despite his uncertainty, he agreed that he did not use one in 2022.  R. 48.

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. § 404.1567(b).

[5] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time.  The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs."  20 C.F.R. §§ 404.1568(a), 416.968(a).

opined that a person could not work if: (1) they required two to three rest periods per workday (each of ten to fifteen minutes) in addition to normal breaks; (2) missed two to three days of work per month; or (3) would be off task 15% to 20% of the workday. R. 63-64.

The VE further opined that use of a cane for ambulation precluded most light work; of the three jobs she had identified, only the linen grader job could be performed, if the employer accommodated use of a cane. R. 63-64. Limitation to occasional handling and fingering would preclude all three jobs she had identified. R. 64. Additionally, occasional interaction with supervisors would preclude the three jobs identified, because they required more frequent interaction. R. 64. Finally, the VE identified the sources for her testimony, which included the Dictionary of Occupational Titles ("the DOT"), companion publications to the DOT, and her knowledge of the U.S. labor market. R. 65.

### III.    THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

1. [Plaintiff] last met the insured status requirements of the Social Security Act on June 30, 2022.

2. [Plaintiff] did not engage in substantial gainful activity during the period from his alleged onset date of February 28, 2020, through his date last insured of June 30, 2022 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, [Plaintiff] had the following severe impairments:  disorder of the spine; anxiety; and depression (20 CFR 404.1520(c)).

4. Through the date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured,

4

[Plaintiff] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except this individual is able to occasionally perform postural activities. However, this individual cannot climb ladders, ropes, or scaffolds. He cannot be exposed to unprotected heights. He is able to occasionally climb ramps/stairs. He cannot operate foot controls. He can frequently reach, handle, and finger. He can occasionally reach overhead. This individual is able to perform simple, routine tasks and make simple decisions. He is able to perform [sic] occasional changes in workplace. He is able to perform [sic] frequent interaction with coworker/supervisors and the public.

6.    [Plaintiff] has no past relevant work (20 CFR 404.1565).

7.    [Plaintiff] was born on February 28, 1970, and was 52 years old, which is defined as an individual approaching advanced age, on the date last insured (20 CFR 404.1563).

8.    [Plaintiff] has at least a high school education (20 CFR 404.1564).

9.    Transferability of skills is not an issue because [Plaintiff] does not have past relevant work (20 CFR 404.1568).

10.   Through the date last insured, considering [Plaintiff's] age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed (20 CFR 404.1569 and 404.1569a).

11.   [Plaintiff] was not under a disability, as defined in the Social Security Act, at any time from February 28, 2020, the alleged onset date, through June 30, 2022, the date last insured (20 CFR 404.1520(g)).

R. 20, 22, 26-27.

## IV.   DISCUSSION

A.    Standard of Review

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed if they are supported by substantial evidence. *Poulos v.*

5

*Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.      Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

6

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents him from returning to his past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that his impairment results in functional limitations to performing his past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given his age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.      Review of the Administrative Law Judge's Decision

Applying the SEP, the ALJ determined that, although Plaintiff had no past relevant work, he could perform three, light, unskilled jobs, and, hence, was not disabled. R. 17-28. Plaintiff disputes the ALJ's decision and argues that the ALJ erred by: (1) failing to properly evaluate his residual functional capacity ("RFC"); and (2) failed to properly evaluate his testimony concerning his symptoms. Pl. Br. at 5-13. Plaintiff also argues that, if this court finds his arguments have merit, an award of benefits, instead of a remand, is the appropriate relief. Pl. Br. at 13-14. The Commissioner denies Plaintiff's claims of error. Resp. at 3-11. This court finds that neither of Plaintiff's arguments have merit.

1.      The ALJ Properly Evaluated Plaintiff's RFC

Plaintiff argues that the ALJ improperly evaluated his RFC, because she failed to include Plaintiff's need for a cane to ambulate. Pl. Br. at 5-9. This argument fails, because the ALJ provided an adequate explanation for why she found that use of a cane was not medically necessary.

The ALJ twice discussed Plaintiff's alleged use of a cane. Initially, when explaining why

Plaintiff did not meet the requirements of a listed impairment, the ALJ noted that the record did not document Plaintiff's medical need for a cane to ambulate. R. 20. Next, when evaluating Plaintiff's symptom testimony, the ALJ found that his testimony about use of a cane was inconsistent with the record, which revealed that, prior to the alleged onset date, Plaintiff used a cane during physical therapy but did not support his testimony that, during the relevant period, he needed a cane when he left the house. R. 24.

The ALJ's assessment of Plaintiff's purported need for a cane was supported by substantial evidence, which is simply more than a mere scintilla. *Biestek*, 587 U.S. at 103. The ALJ noted record evidence concerning Plaintiff's use of a cane and concluded that there was no support for Plaintiff's assertion that, during the relevant period, he needed a cane to leave the house. R. 20, 24. This constitutes substantial evidence.

To rebut the ALJ's conclusion, Plaintiff cites pages 670 and 688 to 689 of the administrative record as evidence that he was prescribed a cane to ambulate. Pl. Br. at 9. However, those records are from July 2018 (R. 688-89) and August 2018 (R. 670); hence, this evidence predates the relevant period, as the ALJ noted. *See* R. 24. Furthermore, the July 2018 records are, as the ALJ noted, physical therapy notes. *See* R. 24. Notably, despite acknowledging a faulty memory, Plaintiff testified that he was not using a cane in 2022. R. 49. Hence, his own testimony suggests that he did not need a cane to ambulate during the relevant period, which expired on June 30, 2022.

One might infer, as Plaintiff does, that the cane Plaintiff began using during physical therapy in 2018 was still necessary during the relevant period; however, Plaintiff cites no record evidence to support this inference, and his own testimony refutes it. *See* Pl. Br. at 9 (citing only R. 670 and R. 688-89); R. 48. Since the suggested inference is not even supported by Plaintiff's

own testimony, it is likely incorrect.  Regardless, this court is not free to reexamine the record and make its own findings.  *Rutherford*, 399 F. 3d at 552.  Even if Plaintiff's inference were a reasonable one, that does not establish that the ALJ failed to identify substantial evidence.  The ALJ did, hence, this court must accept her conclusion, even if the court could have drawn a different one.  *Monsour Medical Center*, 806 F.2d at 1190-91.

   2.   The ALJ Properly Evaluated Plaintiff's Symptom Testimony

Plaintiff argues that the ALJ improperly evaluated his testimony regarding his symptoms. Pl. Br. at 10-13.  Plaintiff suggests that his testimony was entitled to great weight, because there was record evidence to support the conclusion that his symptoms caused functional limitations. Pl. Br. at 10, 13 (citing *Taybron v. Harris*, 667 F.2d 412, 415 n.6 (3d Cir. 1981); *Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979).  This argument, which is based upon legal principles that are no longer applicable, fails.

*Dobrowolsky* was decided in 1979, more than forty years ago; since then, the Commissioner's regulations concerning symptom evaluation have changed, most recently in 2017. Formerly, if a claimant had a condition which could cause his pain, his subjective testimony concerning his pain was entitled to great weight.  *Dobrowolsky*, 606 F.2d at 409.  At that time, the weight assigned to a claimant's testimony was significant, because the claimant's credibility was an issue.  *Id.*  However, the Commissioner's new regulation, 20 C.F.R. § 404.1529(c)(2)-(3) (2017), now provides that, if a claimant has a condition that could cause his symptoms, including pain, his testimony about those symptoms must be compared to:  the objective medical evidence; his daily activities; the location, duration, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; treatment, other than medication, the

claimant has pursued to alleviate pain or other symptoms; any other measure the claimant has taken to alleviate pain or other symptoms; and other factors functional limitations and restrictions caused by pain or other symptoms.  20 C.F.R. § 404.1529(c)(2)-(3) (2017).  Furthermore, Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304 (Oct. 25, 2017),[6] establishes that a claimant's credibility should not be considered when evaluating his symptom testimony.  *Id.* at *2.  The Ruling affirms that adjudicators should, instead, use the factors contained in § 404.1529(c)(2)-(3) when evaluating symptom testimony.  SSR 16-3p, 2017 WL 5180304, *5-*8.

Herein, the ALJ acknowledged that Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms; however, she concluded that Plaintiff's statements concerning his symptoms were not entirely consistent with the medical and other evidence in the record.  R. 23.  This statement reflects that the ALJ was aware of the proper analysis and intended to apply it.  *See* 20 C.F.R. § 404.1529(c)(2)-(3); SSR 16-3p, 2017 WL 5180304, *5-*8.  The ALJ then reviewed many items of record evidence that supported her conclusion that Plaintiff's symptoms caused only the limitations she listed in the RFC assessment.  R. 23-26.  In doing so, the ALJ reviewed the treatment Plaintiff had pursued, the objective medical evidence in the record, Plaintiff's daily activities, and the opinion evidence.  R. 23-26.  The stated rationale indicates that, in fact, the ALJ properly applied the factors contained in the applicable regulation and ruling.  *See* 20 C.F.R. § 404.1529(c)(2)-(3); SSR 16-3p, 2017 WL 5180304, *5-*8.  Accordingly, the ALJ applied the correct analysis and provided at least substantial evidence, which not a great deal of evidence, *Biestek*, 587 U.S. at 103, to support the conclusions she reached; as

---

[6] This Ruling was originally issued in 2016; however, after the Commissioner issued a new regulation concerning evaluation of symptoms that was applicable as of March 25, 2017, the Ruling was revised to account for the terminology used in the new regulation.  SSR 16-3p, 2017 WL 5180304, *1.

such, there is no basis to find error.[7]

Implementing and Judgment Orders follow.

---

[7] Since both of Plaintiff's assertions of error lack merit, there is no basis to enter an award of benefits.